### CRESHIRE *et al.* v. TAYLOR *et al.*

1. **Promissory note :**  WAIVER OF WANT OF DEMAND AND NOTICE.  An admission of liability, promise to pay, and arrangement for delay of proceedings upon the note by an indorser thereof, with full knowledge of the facts, amount to a waiver of proper demand and notice.

2. —— IGNORANCE OF LEGAL RIGHTS. Ignorance on the part of the indorser of his legal rights will not destroy the effect of the waiver of the indorser in such case. Being fully advised of the facts. he will be presumed to know the law.

8. —— CONSIDERATION: PAROL EVIDENCE. Nor is a consideration necessary to support the waiver; and the waiver itself may be shown by parol evi dence.

*Appeal from Poweshiek District Court.*

WEDNESDAY, AUGUST 31.

ACTION against the makers and indorsers of a promissory note.  Taylor is charged as an indorser, and judgment was rendered against him as such.  The cause was tried without a jury, and upon the facts as found judgment was rendered by the court.  Taylor alone appeals

*Emory & Lewis* for the appellant.

*Edward Hall* for the appellee.

BECK, J.—The only error assigned by appellant relates to the correctness of the judgment against defendant

1. PROMISSORY NOTE: waiver of want of de- mand and notice.

Taylor, the indorser.  Our examination will be confined to the inquiry, whether, upon the facts found by the court, the indorser is liable.  The note was indorsed in blank by appellant before maturity.  The plaintiffs, at the time the note was indorsed to them, informed appellant that they took it relying upon the indorser for payment.  The appellant replied that the makers were good, and " that he would

see to it, and if he did not pay it he would." The day after the note fell due, plaintiffs left with appellant's wife, at his residence, a written notice to the effect that the note was not paid, and that they would look to him for payment. This notice came into appellant's hand the next day. The only demand made upon the makers for payment was on the day the note fell due, by letter. The amount of the note cannot be collected by law of the makers. A few days after the maturity of the note, the appellant called upon plaintiffs in reference to the note, and admitted his liability thereon, and stated that he expected to pay it if the makers did not, but if he should be required to pay it he did not want to pay costs of suit. He believed the makers would raise a part of the amount due, and he would raise the balance ; that he would help the makers raise the money. He requested that suit should not be brought upon the note. The plaintiffs agreed to delay bringing action to as late a time as possible before the next term of the court. At this time appellant had received the notice aforesaid, and had seen the makers, and knew that the only demand made upon them was by letter ; he was, however, ignorant of the law, and believed the demand and notice were sufficient to hold him as indorser.

I. The facts, as thus found, certainly are sufficient to authorize the conclusion arrived at by the court below, that appellant is liable upon the note as indorser. His admissions and agreements most certainly amount to a waiver of want of demand and notice of non-payment. Story on Prom. Notes, § 358 *et seq.*, and § 364 *et seq.* His direct acknowledgment of his liability, promise to pay, and arrangement for delay in proceedings at law for the collection of the note, are sufficient to operate as a waiver of all advantages from the laches of the holder. *Hughes* v. *Bowen*, 15 Iowa, 447 ; *Abbott* v. *Striblem*, 6 id. 191.

Cheshire v. Taylor.

See authorities cited in 1 Par. on Notes and Bills, 586, 588, 602 *et seq.*, and notes.

II. The fact appellant was ignorant of his legal rights and exemptions in the premises will not destroy *2.—ignorance* the effect of his promises and agreements, *of legal rights.* which we have held sufficient to establish a waiver. He can demand no protection on account of ignorance of the law ; if he knew the facts he is presumed to know the law. *Hughes* v. *Bowen, supra.*

*3.—considera-* III. A consideration is not required to sup- *tion : parol evi-* port a waiver of demand and notice. *Hughes* *dence.* v. *Brown, supra.*

IV. Appellant insists that his blank indorsement of the note is a contract in writing — the law supplying the actual contract which he entered into by indorsing the note—which cannot be altered, contradicted or varied by parol evidence. His counsel admits that a contrary view is taken by the majority of this court in *Harrison* v. *McKim*, 18 Iowa, 485, but he asks us to consider upon the question. So far as this case is concerned, we find this quite unnecessary, as we reach our conclusions without entering upon the ground occupied by that case.

As we have seen, the acts, admissions and promises of appellant amount to a waiver of want of demand and notice. It is a waiver of certain terms of the contract of indorsement. The evidence, therefor, does not alter nor contradict that contract. It simply establishes that its terms and obligations were waived by the party thereto; and this may be done by parol evidence. *Veile* v. *Germania Insurance Co.*, 26 Iowa, 53, and authorities cited.

The objections raised by appellant's counsel have been considered, and, in our opinion, none are well grounded. The judgment of the district court is therefore

Affirmed.