## STUDEBAKER & WELCH v. C. M. RYAN.

NOTE—*Indorsement—Notice of Non-Payment.* W. and R. entered into a written contract whereby W. was to furnish to R. wagons for R. to sell upon commission, with the privilege of taking promissory notes for the wagons, but upon blanks furnished by W. and indorsed by R., "waiving protest, notice of protest and non payment." In their final settlement R. delivered to W. two promissory notes executed by B. to R., not taken upon blanks furnished by W., nor for wagons, nor for any property in which W. had any interest, nor were they indorsed "waiving protest, notice of protest and non-payment," but were indorsed merely with the name of R. Afterward the notes became due and were not paid by the makers thereof, and no notice of non-payment was given to R. *Held,* That R., after the failure to give notice of non-payment, was not liable upon the notes.

### Error from Norton District Court.

ACTION to recover on certain promissory notes. Judgment for defendant, *Ryan,* at the September term, 1888. The plaintiff *Welch* brings the case here. The opinion states the facts.

*F. M. Jeffery,* for plaintiffs in error.

*E. W. Norlin,* for defendant in error.

18—46 KAS.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Norton county by John S. Welch, under the firm-name of Studebaker & Welch, against O. J. Burwell, James E. Burwell, and C. M. Ryan, on two promissory notes, each executed on March 17, 1886, by O. J. Burwell and James E. Burwell, payable to the order of C. M. Ryan, one for $119, due in six months, and the other for $112, due in three months, and each indorsed on the back with the name of C. M. Ryan. Ryan made the defense that he was only an indorser, and that he was relieved from all liability on the notes for the reason that no proper demand for payment or protest was ever made, and no notice of non-payment was ever given to him. The plaintiff admitted the facts of this defense, but claimed and now claims that they were not and are not material, and not applicable to this case for the reason that a special agreement in writing had previously been entered into between him and Ryan, whereby he was relieved from making any demand or protest, or from giving any notice of non-payment. The aforesaid written agreement between the plaintiff and Ryan provided among other things that the plaintiff should furnish to Ryan a lot of wagons, to be sold by Ryan on commission, at Lenora, Kas., and that Ryan might take promissory notes therefor, payable not to exceed six months after the date of sale, with interest at 10 per cent.; and that all the notes should be taken upon blanks furnished by the plaintiff, with the following stipulation by Ryan, that he "will indorse them, waiving protest, notice of protest and non-payment, and should any of said notes not be paid at maturity, I agree to pay them within thirty days thereafter." The case was tried before the court without a jury, and on the trial it was shown that the notes in controversy were not taken upon blanks furnished by the plaintiff, nor for wagons, nor for any property in which the plaintiff had any interest, nor were they indorsed "waiving protest, notice of protest and non-payment;" but they were taken for a span of horses belonging to Ryan and sold by him to the

Burwells, and they were indorsed merely with Ryan's name, and they were then transferred by such indorsement and by delivery by Ryan to the plaintiff in final settlement of their affairs. The court below held upon these facts that Ryan was not liable upon the notes, because they were not given in pursuance of the aforesaid contract, and because no proper notice of non-payment was ever given to Ryan, and rendered judgment in favor of Ryan and against the plaintiff for costs; and to reverse this judgment the plaintiff, as plaintiff in error, brings the case to this court for review.

No special findings of fact were made by the court below, and upon the evidence we cannot reverse its judgment.

The judgment of the court below will therefore be affirmed.

All the Justices concurring.