THOMAS F. DAVIS, Appellant, v. T. J. MILLER, Appellee.

1. **Promissory Note:** LIABILITY OF INDORSER: WAIVER OF PROTEST. A written promise by an indorser to pay a promissory note if the maker does not, made after the maturity of the note, and with knowledge that the same has not been protested for nonpayment, is in effect a waiver of demand and notice of nonpayment, and renders him liable as an indorser.

2. ———: PLACE OF PAYMENT NAMED: ACTION AGAINST INDORSER: VENUE. A blank indorsement of a negotiable promissory note, payable, by its terms, at a designated place, will not entitle the holder to maintain an action thereon at such place against the indorser alone, where the indorser resides outside the county where it is situated.

*Appeal from Jones District Court.*—Hon. J. H. Preston, Judge.

Monday, May 15, 1893.

Action to recover the amount due on a promissory note indorsed by the defendant Miller.   He filed a motion for a change of the place of trial, which was sustained, and an allowance was made in his favor for expenses incurred in attending court in Jones county. The plaintiff appeals.—*Affirmed.*

*Sheean & McCarn,* for appellant.

*Smith & Cullison,* for appellee.

Robinson, C. J.—I. The petition in this case was filed in July, 1891, and alleges the following facts: On the first day of March, 1881, O. L. Taylor made his negotiable promissory note for the sum of one hundred and seventy-nine dollars, payable four years after its date, to the order of Belle Taylor, at Anamosa, Iowa.   The payee indorsed the note in blank to the the defendant, and he indorsed it in like manner to the plaintiff.   The amount due on the note, and unpaid, is one hundred and sixty-five dollars.   On the seventeenth day of December, 1889, the defendant wrote to the plaintiff in regard to the note as follows:

"I thought that note paid last summer, as per agreement.   Have written to O. L. Taylor concerning that matter.   If he don't see to the settlement of it, I will, without additional costs.         T. J. Miller."

Subsequently he wrote another letter, in which he said he would pay the plaintiff the remainder due on the note in case the maker did not.   It does not appear that the note was ever protested, but the petition

1. Promissory note: liability of indorser: waiver of protest.

alleges that, by means of the letters referred to, the defendant waived presentation, demand, notice of non-payment, and protest of the note, and became absolutely liable thereon as indorser. The maker and payee of the note were named in the petition as parties defendant with Miller, and judgment was demanded against all of the defendants for the amount due on the note, with an attorney's fee and costs. The original notice was personally served on Miller in Shelby county, but no service was made upon the other defendants, and they did not enter an appearance in the case. At the next term of court, Miller filed an application for a change of the place of trial to Shelby county, and for a judgment for expenses incurred in attending court in Jones county. The application was accompanied by an affidavit of Miller, which showed that he was then, and had been for fourteen years, a resident of Shelby county, and that his codefendants were, when the application was made, and also when the action was commenced, nonresidents of this state. The change demanded was granted, and judgment was rendered in favor of the defendant for his expenses.

The appellant insists that the action was properly brought in Jones county, for the reason that the note was, by its terms, payable there, and the appellee was responsible for its payment. The appellee contends that, although the undertaking implied by his indorsement bound him, conditionally, to pay the note, yet it did not require him, in any event, to pay it at Anamosa; that the obligation of the maker to pay it there was not assumed by the indorsement; and that the letters did not extend his liability in that respect.

The letters contained an absolute promise to pay the note if the maker did not. The appellee knew when he wrote them that he had not received due notice of the nonpayment of the note, if such notice had not been given; and, in the absence of a showing to

the contrary, his promise will be presumed to have been made with knowledge of the fact that the note had not been protested for nonpayment. The effect of such a promise, so made, is to waive demand and notice of nonpayment. *Lomax v. Smyth*, 50 Iowa, 228, and authorities therein cited. It follows that on the showing made by the petition, if the defendant is liable for the payment of the note, his liability is that of an indorser.

II. We are next required to determine whether the blank indorsement of a negotiable promissory note, payable, by its terms, at a designated place, requires the indorser, when his liability becomes fixed, to pay the note at such place, when he resides outside the county where it is situated. Section 2586 of the Code is as follows: "Except where otherwise provided herein, personal actions must be brought in a county wherein some of the defendants actually reside. But, if none of them have any residence within the state, they may be sued in any county wherein either of them may be found. But in all actions upon negotiable paper, except when made payable at a particular place, in which any maker of such paper, being a resident of this state, is made defendant, the place of trial shall be limited to a county wherein some one of the makers of such paper resides." It is contended by the appellee that the first clause of that section is applicable to this action. It is clear that the remainder is not, for the reason that the note in suit is made payable at a particular place, and the makers are nonresidents of the state, and are not actual parties to the action.

The appellant claims that section 2581 of the Code authorized the bringing of the action in Jones county. That section is as follows: "When, by its terms, a written contract is to be performed in any particular place, action for a breach thereof may be brought in

*2. ——: place of payment named: action against indorser: venue.*

the county wherein such place is situated." Whether the claim of the appellant is well founded depends upon the nature and extent of the obligation created by the indorsement. An indorsement constitutes a new agreement with the indorsee, by which the indorser agrees that the instrument will be paid at maturity, and if it is not so paid upon proper demand, that he will pay it, if duly notified of the default. 2 Parsons on Notes. and Bills, 23; Tiedeman on Commercial Paper, sec. 259; 2 Am. and Eng. Encyclopedia of Law, 284. The liability of the maker of a negotiable instrument is determined by the law of the place where it is to be performed, but the liability created by an indorsement is to be fixed and construed according to the law of the place where it was made. *Bank v. Green*, 33 Iowa, 141; *Huse v. Hamblin*, 29 Iowa, 502; *Thorp v. Craig*, 10 Iowa, 461; Tiedeman on Commercial Paper, sec. 508; *Lee v. Selleck*, 33 N. Y. 615; *Freese v. Brownell*, 35 N. J. Law, 285; *Hunt v. Standart*, 15 Ind. 33; *Williams v. Wade*, 1 Metc. (Mass.) 82. Some of the authorities cited refer to bills of exchange, but when negotiable promissory notes are transferred by indorsement, in the same manner as are bills of exchange, the same rule is applicable to the indorsement of both classes of instruments. That is the case in this state, under section 2082 of the Code, which provides for the transfer of such notes "by indorsement or delivery, in the same manner as inland bills of exchange, according to the custom of merchants." Indorsements are governed by the law of the place where they are made, for the reason that the obligations which they create are to be performed there, or generally, and not at a place specified. The case of *Hunt v. Standart, supra,* was founded upon a promissory note payable in New York, but made and indorsed in Indiana. The court held that the liability of the indorser was to be determined by the laws of Indiana. In considering the undertak-

ing of an indorser, it uses language as follows: "The maker binds himself to pay at the place named in the note for payment, and there his contract is to be performed. The indorser promises, upon certain conditions, which are not expressed in the contract of indorsement, but which are implied by law, that he will pay the note, but not that he will pay it at the place named in the note for payment. This promise is general, for the payment of the note upon the implied conditions, and such general promise, not specially to be performed elsewhere, is governed by the *lex loci contractus*, which must determine the condition upon which he is held liable." We are of the opinion that the rule of law, as thus stated, is correct, and supported by the authorities. Applying it to the facts in this case, we must hold that the contract of the appellee does not require him to pay the note at Anamosa. The contract of the maker required him to pay it at that place; but the contract of the indorser, upon which the appellee is sought to be held, does not specify the place of performance. The maker of the note, although named in the petition as a defendant, was not made a party to the action by the service of notice, and the same is true of the first indorser, and neither was a resident of this state. The action must, therefore, be treated as against Miller alone, and no question of the acquiring of jurisdiction of a nonresident of the county where the action was brought by a joinder of parties defendant is involved in the case.

We conclude that the action was improperly brought in Jones county, and that the order of the district court in changing the place of trial was correct. AFFIRMED.