93   35
96   495
93   35
124  377

### Ella C. Phillips v. J. Dippo, Appellant.

**Negotiable Instruments:** INDORSEMENT: WAIVER. One who, in blank, indorses a note is bound by a waiver of presentation, protest and notice of non-payment contained in the body of the note. *Davis v. Miller*, 88 Iowa, 114, *distinguished.*

*Appeal from Tama District Court.*—Hon. J. R. Caldwell, Judge.

### Monday, December 17, 1894.

Action at law upon a negotiable promissory note. A demurrer to the petition was overruled, and, the defendant electing to stand upon his demurrer, judgment was rendered in favor of the plaintiff for the amount which appeared to be due on the note. The defendant appeals.—*Affirmed.*

*Wm. H. Stivers* for appellant.

*Vincel Drahos* for appellee.

Robinson, J.—The note in suit was made payable to defendant or bearer, and contains the following: "The makers, indorsers, and guarantors of this note * * * hereby waive presentment for payment, notice of non-payment, protest, and notice of protest, and diligence in bringing suit against any party thereto." Before the maturity of the note, the defendant wrote his name thereon, and transferred it, and it is now owned by the plaintiff. The grounds of the demurrer are that the defendant is an indorser of the note, and the petition fails to show that the note was duly presented for payment, that payment was refused, and that the defendant was notified of the non-

payment. The question we are required to determine is whether the waiver of presentment for payment, protest, and notice of non-payment, contained in the body of the note, is effectual as against an indorser in blank, who was also the payee. It is contended by appellant that such an indorsement is a new, independent written contract between the indorser and indorsee, with conditions implied by law, and that it has no reference to a provision in the note of the character of that in question. It was said in *Davis v. Miller*, 88 Iowa, 114, 55 N.W. Rep. 90, that "an indorsement constitutes a new agreement with the indorsee, by which the indorser agrees that the instrument will be paid at maturity, and, if it is not so paid upon proper demand, that he will pay it if duly notified of the default;" and it was held that the blank indorsement of a negotiable promissory note payable by its terms at a designated place did not require the indorser, when his liability became fixed, to pay the note at that place. The reason for that conclusion was that such indorsements are governed by the law of the place where they are made, and create obligations which are to be performed there, or generally, and not at a place specified. In other words, it was held that implied obligations created by the blank indorsement relate to the time and amount, but not to the place, of payment. There was nothing in the body of the note under consideration in that case which referred in terms to the indorser. None of the authorities relied upon by the appellant are applicable to this case, for the reason that in none of them did the instrument in question contain a provision in any respect like the one we have set out. The part of that which referred to indorsers and guarantors was without force as between the maker and payee, and was designed to take effect only if the note should be indorsed. When the defendant wrote his name on the back of the note,

and transferred it without in any manner qualifying the effect of the indorsement, he necessarily became a party to the agreement of waiver, and was not entitled to the demand and notice which an ordinary indorsement in blank requires. And this result does not in any manner depend upon the fact that he was the payee of the note. It is said in Tied. Com. Paper, section 363, that, "if the waiver is put in the body of the instrument, it enters into and forms a part of the contract of everyone who signs his name to the paper, whether as drawer or indorser." In 2 Daniel, Neg. Inst., section 1092, the law is stated as follows: "Sometimes the waiver is embodied in the instrument itself, and in such cases the waiver enters into the contract of every party who signs it, whether as drawer, maker, acceptor, or indorser. Thus, when the words 'presentation and protest waived,' or 'notice and protest of nonacceptance and nonpayment waived,' are written in the bill, they are binding, not only upon the drawer, but also upon the indorsers, who are in effect new drawers, and who become parties to the waiver in becoming parties to the bill. Clearly, this is the case where such waiver expressly includes the drawer and indorsers." The rule of these authorities has support in the following cases: *Lowry v. Steele,* 27 Ind. 170; *Bryant v. Lord,* 19 Minn. 405; *Bank v. Ewing,* 78 Ky. 266; *Bryant v. Bank,* 8 Bush, 43; *Smith v. Lockridge* Id. 431. See, also, *Woodward v. Lowry,* 74 Ga. 148; *Studebaker v. Ryan,* 46 Kan. 273, 26 Pac. Rep. 700. We conclude that the demurrer was properly overruled, and the judgment of the District Court is *affirmed.*