H. C. HANSEN et al., Appellees, v. ARTHUR S. BOWERS et al.,
Defendants; L. D. DUNCAN, Appellant.

No. 39030.

MARCH 5, 1929.

REHEARING DENIED JUNE 24, 1929.

*Wisdom & Wisdom,* for appellant.

*George A. Johnston,* for appellees.

WAGNER, J.—On March 1, 1917, the defendants Bowers executed unto the defendant Duncan their promissory note in the sum of $15,750, which, according to its terms, became due on the 1st day of March, 1924. To secure the payment of said note, the makers executed unto the payee a real estate mortgage upon certain real estate situated in Union County. Said mortgage was duly filed and recorded in the recorder's office of said county. On March 31, 1917, the defendant sold the note to the plaintiffs, and indorsed the same in blank, and executed unto the plaintiffs his written assignment of the mortgage, which latter instrument was also filed and recorded.

On March 1, 1918, the defendants Bowers conveyed the mortgaged real estate to the defendant Trenkle by warranty deed, and on March 1, 1920, the defendant Trenkle made conveyance of same to the defendant Frese, by deed of warranty. Both of these latter instruments provided therein that the grantee assumes and agrees to pay the aforesaid mortgage debt.

There was a prior mortgage incumbrance against the real estate, in favor of the Collins Mortgage Company, which came due in 1924, and which the parties interested desired to renew; but, in order to make the arrangement with the mortgagee holding the first mortgage, it was necessary that the renewal mortgage constitute a first lien. The plaintiffs and the Bowerses, the makers of the note, Duncan, the indorser of the note, and Frese, the owner at that time of the real estate, entered into an agreement whereby the plaintiffs' second mortgage should be released of record, and thus permit the renewal mortgage to become a first lien. Pursuant to said arrangements, the plaintiffs, on May 1, 1924, released their second mortgage, and after the recording

of the aforesaid renewal mortgage, said mortgage was re-recorded, together with a second assignment of same from Duncan to the plaintiffs. Nothing is claimed in behalf of appellant by reason of this transaction.

It appears that the interested parties desired an extension of time for the payment of the note in suit, and on March 20, 1925, a written agreement extending the time of payment to March 1, 1929, was entered into between the plaintiffs and the defendants Bowers, with the consent of the then owner of the real estate, and also with the consent of the indorser, Duncan. Attached to and constituting a part of said written extension is the following:

"I hereby accept the above conditions upon which the said extension is granted and agree to carry out the provisions thereof and upon default, authorize the holder of said note and mortgage to proceed the same as though no extension had been given. I, as endorser of the above mentioned note of $15,750.00, hereby consent to the extension of the time of payment of said note and mortgage securing the same and my liability continues until said note is paid. L. D. Duncan."

The interest due on the note in suit was not paid on March 1, 1926, and the principal became due by reason of an accelleration clause therein, which provides that, if any interest shall remain unpaid 30 days after due, the principal shall become due and payable at once, without further notice, at the option of the holder. A similar clause also appeared in the extension agreement. The instant suit was begun on April 3, 1926. The plaintiffs make, as a part of their petition, copies of the note, mortgage securing the same, and the extension agreement, and ask for personal judgment for the amount due on the note against the defendants Bowers, Duncan, Trenkle, and Frese, and for foreclosure of the mortgage. At the first term of court after suit was brought, all of the defendants except Duncan defaulted, and judgment and decree was rendered as against all of the defaulting defendants, and the cause was continued as to the defendant Duncan, the court retaining jurisdiction of the cause as against him, for the purpose of thereafter adjudicating the rights as between the plaintiffs and said defendant.

The defendant Duncan attacked the plaintiffs' petition by

what is denominated in Section 11130 of the Code of 1924 a motion to dismiss, which was overruled. It is urged therein that, since the plaintiffs seek judgment against the defendants Bowers upon the note, and against Trenkle and Frese upon their assumption agreement, and against the defendant Duncan on his blank indorsement, and ask for foreclosure of the mortgage, there is a misjoinder of defendants and of causes of action. Was the action of the court in overruling said motion correct? We answer in the affirmative. See Section 10975 of the Code; *Darling v. Blazek*, 142 Iowa 355; *Bennett Sav. Bank v. Smith*, 171 Iowa 405; Section 10942 of the Code. It is provided by the latter section of the Code that an action on a note, together with a mortgage for the foreclosure of the same, shall be by equitable proceedings; and by the former section that, where two or more persons are bound by contract, whether jointly only, or jointly and severally, or severally only, including the parties to negotiable paper, and sureties on the same or separate instruments, or *by any liability growing out of same,* the action thereon may, at the plaintiffs' option, be brought against any or all of them. (The italics are ours.) In *Darling v. Blazek*, 142 Iowa 355, we said:

"It is true * * * that, in the strict sense of the word, 'maker' and 'indorser' are not parties to the same contract; but it has long been the rule in this state that all parties liable upon the same negotiable instrument, whether as makers, indorsers, or guarantors, may be joined as defendants in an action wherever jurisdiction of the parties is properly acquired."

In *Bennett Sav. Bank v. Smith,* supra, we held that a party assuming and agreeing to pay a debt, although his liability arises on a separate instrument, may be sued jointly with the maker of the original instrument upon which the debt arose. In view of the foregoing statutes and our pronouncements thereon, the action of the trial court in overruling the motion to dismiss was correct.

After the overruling of the aforesaid motion, the defendant answered, and the cause was brought to trial upon the merits, as between the plaintiffs and the defendant Duncan. At the conclusion of the trial, the court rendered judgment against said defendant for $2,020.29, and provided that no execution should

issue on said judgment until after the final report of the receiver (formerly appointed in this cause) is filed and approved by the court, and that he should be credited on the judgment with the net amount of the proceeds of said receivership, and that the plaintiffs and the defendants should each have ten days' notice of the time and place of the hearing of the final report of the receiver, and that, if the defendant Duncan should pay the judgment, he should be subrogated to the rights of the plaintiffs as against the defendants Bowers, Trenkle, and Frese.

The amount of the judgment against the defendant Duncan is the difference between the amount due on the note, according to its terms, and the amount previously realized from a sale on special execution of the mortgaged real estate. The defendant complains because of the form and indefiniteness of the judgment rendered, but it is apparent that the judgment is for the deficiency to which the plaintiffs are entitled, and that it gives the defendant the benefit of whatever amount may be realized from the receivership. The complaint of the plaintiffs in this respect is devoid of merit.

It is also contended by the appellant that the note, having been previously placed in judgment, as against the remaining defendants, has been canceled and paid, and the appellant discharged.  This contention is not substantiated by the record. While judgment was rendered against the remaining defendants at a previous term of court, and while the sale of the real estate on execution was had prior to the time when judgment was rendered against the appellant, he, as an indorser, was only secondarily liable, and received the benefit of it; and it was expressly provided in the judgment and decree against the remaining defendants that the cause was continued for adjudication as to the rights between the plaintiffs and the appellant.

It is the further contention of the appellant that, as an indorser of the note, he is not liable, because, as claimed, the note was not presented for payment to the makers of the note when due, on March 1, 1924, and for failure to provide him with notice of dishonor, in accordance  with the provisions of our statutory law. The appellant introduced no evidence bearing upon this question. The note fell due, according to its terms, on the

first day of March, 1924; the extension agreement was entered into on March 20, 1925; Duncan, at that time, signed a stipulation providing that his liability as an indorser of the note should continue until the note was paid. We set out a portion of the examination of one of the plaintiffs:

"Q. On the first day of March, and before this instrument [extension of mortgage] was made, was there anything that had been done in 1924 to make any presentation of this note to anyone when it fell due? A. Yes. Q. And on what day was it,—on the very day it fell due? A. Yes, sir, I made a special trip to Mr. Duncan's house, to notify him."

Even if it can be said that the plaintiffs failed to comply with the statutes relative to presentment to and notice of dishonor by the makers of the note, the record affords abundance of evidence sufficient to constitute a waiver by the appellant. At the time of the arrangement for the release of the plaintiffs' mortgage, for the purpose of placing the renewal of the first mortgage on record, the appellant declared to the plaintiffs:

"I am just as anxious as you are to see things go on; maybe they could pay out. I will agree to most anything that is right, to keep it as a going proposition. I am willing to stand back of that, the same as I have, in order that we can keep this thing going."

This conversation occurred about the 1st day of May, 1924, after the note in suit was due. At the time of the extension agreement of said mortgage, on March 20, 1925, when he agreed that his liability as indorser upon the note should continue until the note was paid, he knew as much then as to whether there had been failure of presentment and notice of dishonor as he knew at the time of the institution of suit against him. By his acts, oral declarations, and written agreement, he has waived any failure on the part of plaintiffs in making presentment and in giving notice of dishonor, if there was such failure.

"Notice of dishonor may be waived, either before the time of giving notice has arrived, or after the omission to give due notice, and the waiver may be express or implied." Section 9570, Code of 1924.

"An indorser who, after the time for giving notice of dishonor, declares his intention to pay the note, waives notice of dishonor, whether he had knowledge of his discharge by failure to give notice or not, and no consideration is necessary to support a waiver." Brannan's Negotiable Instruments Law (4th Ed.) 701.

See, also, *County Sav. Bank v. Jacobson,* 202 Iowa 1263. Under the record in this case, it cannot be claimed by the appellant that, as an indorser, he has been released from liability on the note for any failure of presentment and notice of dishonor, as there has been a complete waiver as to same by him. See *County Sav. Bank v. Jacobson,* supra; *Davis v. Miller,* 88 Iowa 114; *Lomax v. Smyth & Co.,* 50 Iowa 223; *Creshire v. Taylor,* 29 Iowa 492.

It is the further contention of the appellant that, since there was an extension of the time of payment of the note until March 1, 1929, and since the note provides that for failure to pay the  interest within 30 days after the same becomes due the principal shall become due, at the option of the holder, there was no presentment to the makers of the note at the time the holders elected to declare the same due, in 1926, and no notice of dishonor given to him. This contention of the appellant's is without avail. The extension agreement provides that, in case the interest was not paid for a period of 30 days after due, then said agreement should become null and void, and said note, as well as accrued interest, should become due and payable at once. The appellant accepted this condition, and agreed to carry out the provisions thereof; and he authorized the holder of the note and mortgage, upon default, to proceed the same as though no extension had been given.

The bringing of the suit was a sufficient election to declare the whole amount due. No demand was necessary. The notice of the suit was notice of nonpayment. *Jurgensen v. Carlsen,* 97 Iowa 627; *Swearingen v. Lahner,* 93 Iowa 147; 8 Corpus Juris 417.

We have considered every proposition argued by the appellant, and find his contentions to be without merit. The judg-

ment of the trial court is correct, and the same is hereby affirmed.—*Affirmed*.

ALBERT, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.