H. C. HANSEN et al., Appellees, v. ARTHUR S. BOWERS et al., Defendants; L. D. DUNCAN, Appellant.

No. 40359.

FEBRUARY 10, 1931.

*Wisdom & Wisdom,* for appellant.

*George A. Johnston,* for appellees.

KINDIG, J.—It appears that the defendants Arthur S. Bowers and Maude S. Bowers, on or about March 1, 1917, executed a promissory note payable to the defendant-appellant, L. D. Duncan, in the sum of $15,750. This note was secured by a mortgage on certain real estate. Thereafter, on March 31, 1917, the appellant indorsed the note in blank, and sold the same to the plaintiffs-appellees, H. C. Hansen and William Goembel. When so doing, appellant assigned to appellees the real estate security aforesaid. See *Hansen v. Bowers,* 208 Iowa 545. Apparently, Arthur S. Bowers, defendant, on March 1, 1918, conveyed the mortgaged real estate to the defendant Trenkle, who later transferred the same to Frese. Both Trenkle and Frese assumed and agreed to pay the mortgage indebtedness. Delinquency occurred, however, because the interest was not paid on March 1, 1926; and, because of an acceleration clause in the note and mortgage, the appellees declared the entire sum due and unpaid, and commenced foreclosure proceedings accordingly. In such foreclosure action brought by the appellees, Arthur S. Bowers and Maude S. Bowers were defendants, on the theory that they originally executed the note. William Frese and John H. Trenkle were defendants because they assumed and agreed to pay the note and mortgage; and, L. D. Duncan, the appellant, having indorsed the note, he too was made a defendant. On August 24, 1926, a judgment for the amount unpaid was entered against the defendants Arthur S. Bowers, Maude S. Bowers, John H. Trenkle, and William Frese. A receiver at that time was appointed under the mortgage, to rent the land and collect the rents and profits therefrom, in order that the same could, and would, be applied on the deficiency judgment, if any remained after a sale of the real estate under the foreclosure.

Accordingly, the mortgage was foreclosed. However, the cause was continued as to the appellant until after the foreclosure sale. Following the foreclosure sale and the application of the amount received therefrom on the principal judgment, the deficiency remaining was $3,141.34. That sum, however, according to the judgment and decree finally entered against appellant in the district court, comprised some items for which the ap-

pellant, as indorser, was liable, and others for which he was not responsible. So the district court, in that judgment and decree, found appellant obligated to pay $2,020.29 of the foregoing deficiency judgment, and judgment was entered against him accordingly on April 7, 1927. As part of this last-named judgment and decree, the district court found and ordered:

"The court further finds that a receiver has been appointed to take charge of the mortgaged premises described in plaintiffs' [appellees'] petition, and the defendant [appellant] L. D. Duncan is entitled to have credit on said judgment [April 7, 1927], for the amount of the net proceeds of the receivership herein, that is: for the amount plaintiffs [appellees] shall be required to enter as a credit on the deficiency judgment rendered [August 24, 1926], against the defendants Arthur S. Bowers, Maude S. Bowers, John H. Trenkle, and William Frese, on account of said receivership. It is therefore ordered, adjudged, and decreed that the plaintiffs [appellees] have judgment against the defendant [appellant] L. D. Duncan in the sum of $2,020.29, together with interest thereon at the rate of 8 per cent per annum from the date of this decree, and it is further provided that no execution shall issue on said judgment until after the final report of the receiver herein is filed and approved by the court, and that the defendant [appellant] L. D. Duncan shall, after the said report is approved, be credited on the said judgment with the net amount of the proceeds of said receivership which plaintiffs [appellees] shall be required by the court, at the hearing on the final report of the receiver, to credit on the deficiency judgment heretofore rendered in this cause, as against the defendants Arthur S. Bowers, Maude S. Bowers, John H. Trenkle, and William Frese."

Appellant, feeling the judgment improper in form, and that there was uncertainty therein concerning the amount of the receivership proceeds that were to be credited upon the judgment against him, appealed to this court. *Hansen v. Bowers* (208 Iowa 545), supra. Upon presentation, this court affirmed the judgment and decree of the district court, and, when so doing, among other things declared, on page 549 of *Hansen v. Bowers* (208 Iowa 545), supra:

"The defendant [appellant here] complains because of the

form and indefiniteness of the judgment rendered, but it is apparent that the judgment is for the deficiency to which the plaintiffs [appellees] are entitled, *and that it gives the defendant* [appellant] *the benefit of whatever amount may be realized from the receivership.*" (The italics are ours.)

Regardless of the fact that the district court and this court both declared that the aforesaid judgment against appellant was to be credited with the proceeds from the receivership proceeding, the receiver, Carl A. Roodell, and appellees, in their reports filed March 9, 1928, sought to divert part of such funds for an unauthorized purpose. It seems that the receiver received as rental for the mortgaged premises the total sum of $1,440. From that gross amount, the receiver paid himself the modest sum of $5.00. The concession is made by appellant that for appropriate expenditures there should be deducted from the remaining $1,435 a sufficient sum to reduce the net remainder to $1,395, which should be credited upon the judgment against him. Contrary to that, however, the receiver, in his final report, and the appellees, in their report in connection therewith, propose to credit upon that judgment only the sum of $721.52. Because the district court refuses to credit the entire net amount ($1,395) obtained through the receivership on the judgment against him, appellant complains.

Did the receiver and appellees misapply the trust funds? Manifestly, such trust officer cannot use the moneys thus received by him for an unauthorized or illegal purpose. *Farmers Sav.*  *Bank of Shelby v. Pomeroy,* 211 Iowa 337; *Coffin v. Younker,* 196 Iowa 1021. According to the record, appellees are endeavoring to withhold from the receivership funds the following items: $412.50 interest paid on a first mortgage, $220.23 taxes for the year 1926, $19.50 insurance on buildings, and other expenditures, making up the total of $721.52 above named. Authority for the receivership must be found in the mortgage giving rise to the same. *McBride v. Comley,* 204 Iowa 622. Likewise, the debts and obligations on which the receivership funds may be applied, necessarily are specified in such mortgage. See cases above cited. Under the record here disclosed, there is no showing that the mortgage authorizing this receivership provided

that the funds in the receiver's hands could be applied on the objects proposed by appellees.

No brief and argument has been filed by them. Without an amendment by appellees, we must presume that the abstract furnished by appellant is full and correct. Moreover, the district court, as well as this court, as shown by  *Hansen v. Bowers* (208 Iowa 545), supra, declared that, under the mortgage in question, the net receivership funds must be applied on the deficiency judgment against appellant. Appellees, who did not appeal from the district court judgment in the *Hansen v. Bowers* case, supra, were parties to that litigation resulting in such judgment, and consequently they are bound thereby. *In re Estate of Angerer,* 202 Iowa 611 (local citation 616).

Clearly, under this record, appellant is entitled to have credited on the deficiency judgment against him the entire net proceeds resulting from the receivership proceeding, which is the sum of $1,395.

Because the district court did not allow such credit, its judgment and decree must be, and hereby is, reversed.—*Reversed.*

FAVILLE, C. J., and EVANS, MORLING, and GRIMM, JJ., concur.