JOHN P. ASHER, Appellant, v. CONTINENTAL CONSTRUCTION CORPORATION, Appellee.

No. 41713.

SEPTEMBER 26, 1933.

Thomas J. Bray, for appellant.

George P. Garver, and Devitt, Eichhorn & Devitt, for appellee.

CLAUSSEN, J.—The petition filed in this case consisted of three counts. During the trial of the case the first count was dismissed. The abstract of record states that all of the third count was dismissed except the claim therein made for damages to a bridge. The third count contains no allegations in relation to damages to a bridge or any reference of any kind to a bridge. Appellee states in argument that plaintiff dismissed count I and all claims for damages in count II except as to the bridge. The case is presented in this court as if the claims for damages to the bridge made in count II of the petition and count III of the petition were involved in this appeal. This court is obliged to take the facts from the abstract of record and amendments thereto, and cannot resort to the arguments of the parties for the purpose of correcting the record. Hansen v. Bowers, 211 Iowa 931, 234 N. W. 839. The record in this court is that all of the petition except count II has been dismissed by plaintiff.

In count II of the petition it is alleged that the defendant is a corporation; that plaintiff owned a tract of land; that he had granted to defendant an easement across said land fifty feet in width for the purpose of constructing two natural gas pipe lines; that defendant constructed a pipe line across said land; that in constructing said pipe line the defendant did not confine itself to the fifty-foot easement, but occupied a strip seventy-five feet in width; that on said land was a concrete bridge spanning a ditch; that such bridge was not on the easement, but that defendant, in constructing the pipe line, drove heavy machinery across the bridge without planking it as a result of which the bridge was greatly damaged. For the taking of the additional twenty-five feet of land and damage to the bridge plaintiff asked damages in the sum of $700. By answer to this count, the defendant admitted its corporate capacity, the ownership of the land by plaintiff, the grant of the easement, and that under the easement it had constructed a pipe line over the land. Every other allegation of the count is denied. Further answering the count defendant alleged in effect that the pipe line was constructed for defendant by an independent contractor; that it was entirely practicable for such contractor to construct such pipe line without using any ground additional to the fifty feet easement, or the bridge, and that the use of the bridge and additional land was a trespass by the independent contractor for which defendant was not answerable in damages. To such answer, plaintiff replied, alleging that the contract by

which the easement was granted to defendant provided that defendant shall pay damages that may accrue in the future to crops or land by reason of ingress or egress of pipe lines and that defendant shall also pay reasonable damages to growing crops, fences, and improvements, occasioned in laying, repairing, or removing pipe lines, in consequence of which it is alleged defendant is answerable in damages regardless of whether the damage was caused by an agent of defendant or by an independent contractor.

At the close of the evidence the trial court sustained a motion made by defendant for a directed verdict.

That the pipe line was constructed by an independent contractor is not seriously disputed and is not open to doubt. Neither is it seriously contended, nor open to doubt, that in the absence of the provisions of the easement contract, pleaded in the reply, defendant would not be answerable for the damage done to the bridge by the independent contractor.

The question requiring an answer is whether the defendant must respond in damages for injuries to the bridge, under the provisions of the easement contract, notwithstanding the fact that the damage was done by an independent contractor.

The easement contract is peculiarly phrased, making it impossible to quote portions of the contract without distortion of meaning. Consequently the entire contract is set forth:

"For and in consideration of the sum of Fifty Cents a rod Eighty-one Dollars ($81.00) to us in hand paid, receipt of which is hereby acknowledged, John P. Asher and Harriet Asher, husband and wife,

"Do hereby grant, convey and warrant to Continental Construction Corporation, its successors and assigns, a Right-of-way to construct, renew, operate, maintain, inspect, alter, repair and remove a pipe line, or pipe lines, for the transportation of gas, and other substances, that are usually found in natural gas pipe lines over and through the following real estate in Mahaska County, State of Iowa, to-wit:

"N. Frl. ½ of N. E. ¼ Sec. 2 Twp. 75 N. Range 14 W. and 75 ac. of S. ½ of S. E. ¼ Sec. 3 Twp. 75 N. Range 14 W.

"*It is agreed that in addition to the damages provided for in the second paragraph, next following, the grantee will pay any further damage that may accrue in the future to crops or land by reason of ingress or egress of pipe lines as herein provided. And further*

agrees that all pipe lines shall be laid to a depth of three feet from top of pipe line to the surface of the ground, and that said pipe line ditch shall be well filled promptly and surfaced over so as to leave same in a good farming condition. Where pipe lines intersect tile drains now on said land, grantee agrees to lay pipe under same, leaving tile with same fall as before intersected by pipe lines. Grantee further agrees that no drips or valves be placed on pipe lines passing through grantors lands without the consent of party or parties owning said land. Grantee also agrees that no pole or petroleum lines of any kind will ever be placed on said described tract of land by the Continental Construction Corporation or its successors without the consent of the party or parties owning said land.

"And the said Harriet Asher hereby relinquishes all her contingent rights, including all her right of dower, homestead or distributive share in and to the above described premises, in so far as pertains to this contract. *And also from time to time additional such pipe lines which shall be laid parallel with and not over twenty feet from other pipe line or lines without consent of landowner, together with the right of ingress and egress at convenient points for such purposes; together with all rights necessary for the convenient enjoyment of the privileges herein granted.* To Have and to Hold the same unto said Grantee, its successors and assigns, until said easement be exercised, provided however, Grantee exercises such easement within five years from date of this contract. Right-of-way not to exceed fifty feet in width for construction of pipe lines. Grantor herein acknowledges receipt of the 50¢ per rod paid for the second line.

"*Grantee shall pay the same consideration as above expressed for one additional pipe line installed; and shall also pay reasonable damages to growing crops, fences or improvements occasioned in laying, repairing or removing all lines.* If the amount of damage be not agreed upon, it shall be determined by three disinterested persons, one appointed by the Grantor, one by the Grantee, and the third by the two so appointed, and their written determination of amount shall be final and conclusive. Said grantee also agrees to pay all damages within thirty days from the time damages have been determined.

"It is understood that the person securing this grant is without authority from Grantee to make any agreement in respect of the subject matter hereof not herein expressed." (Italics are ours.)

It is obvious that the damage to the bridge was not due to "ingress or egress of pipe lines" or to the construction of additional lines, in consequence of which the first and second parts of the contract set forth in italics may be disregarded. This leaves for consideration the following language of the contract:

"Grantee shall pay the same consideration as above expressed for one additional pipe line installed; and shall also pay reasonable damages to growing crops, fences, or improvements occasioned in laying, repairing, or removing all lines."

It will be noticed that the easement contract grants to the defendant the right to "construct, renew, operate, maintain, inspect, alter, repair and remove a pipe line or pipe lines," across plaintiff's land. If this were all the contract, defendant would not be answerable for damage to crops, fences, or improvements, incident to the exercise of the rights granted in the land, but defendant would be answerable in damage if it trespassed beyond the rights granted, or for injuries occasioned by its negligence. In that situation plaintiff could not recover for crops destroyed as an incident to the construction of the pipe line, but could recover if defendant negligently broke down his bridge. When the right-of-way contract was entered into there was need for a provision that damage to crops, fences, and improvements occasioned by the construction, etc., of the pipe line should be paid by defendant, for in the absence of such provision plaintiff could not exact payment for such damage, but there was no need for a provision that defendant should pay damages occasioned by its trespasses or negligence, for the defendant was answerable for such damage under the law. It is evident we think that the language of the contract, last above quoted, is a restriction on the rights granted in the first clause of the contract to defendant, and is not an agreement that defendant will pay damages for which it would be liable under the law. In the view we take of the contract, the defendant would not be liable under it for the destruction of the bridge, even though the defendant itself had constructed the pipe line, but would be answerable, if at all, in tort. In this situation the language cannot be construed to be an agreement to pay for damages inflicted on the bridge by an independent contractor. It seems certain that if the parties to the contract had intended that the defendant should assume the payment of all damage occasioned by the trespasses and negligence of independent con-

tractors, such an unusual intention would have been plainly expressed. We have carefully examined all authorities cited by appellant in support of its contention that the contract should be otherwise construed. The question whether a given contract should be construed as obligating a party to it to pay for damages inflicted by an independent contractor is not involved in any of such authorities. With the question whether one who has undertaken to pay damages inflicted by an independent contractor can be made to answer for such damages, we are not concerned for we have reached the conclusion that such is not the effect of the contract.

While the second count of the petition contains allegations in relation to the use of land other than the fifty-foot strip, there was no evidence as to the amount of damage occasioned by such use, consequently such allegations are of no moment in the determination of the appeal.

Notwithstanding the fact that the record indicates that the third count of the petition was dismissed by plaintiff at the conclusion of plaintiff's testimony, it may be noted in passing that such count contained a demand that defendant pay damages for the destruction of certain orchard trees in the construction of the pipe line and for the location of the pipe line within one hundred feet of the house, under the provisions of the easement contract by which defendant agreed to pay reasonable damages to growing crops, fences, or improvements occasioned in laying the pipe line. The only question argued in relation to such count concerns the action of the trial court in excluding certain evidence or values. Plaintiff offered to prove the value of the land prior to the construction of the pipe line and its value after the construction of the pipe line, claiming that the difference in such values was the measure of his recovery. The trial court refused to admit such evidence. The action of the trial court in excluding such evidence was correct. A measure of damages based on the difference in value of the premises before and after the construction of the pipe line does not take into account the rights acquired in the land under the easement contract.

It follows from what has been said that the judgment of the trial court must be affirmed.—Affirmed.

ALBERT, C. J., and EVANS, KINDIG, and DONEGAN, JJ., concur.