## RACHEL E. MALLORY v. THE METROPOLITAN LIFE INSURANCE COMPANY.

*Life insurance—Lapse of policy—Authority of agent—Waiver.*

The acceptance of a life-insurance policy with knowledge that the agents of the company are prohibited from waiving forfeitures, and from receiving premiums on lapsed policies, except in connection with an application for revival, which should not become operative until officially accepted by the company at its home office, estops the beneficiary from setting up or relying upon any action on the part of an agent in opposition to such prohibitions.

Error to Kent. (Grove, J.) Argued October 10, 1893. Decided November 10, 1893.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Maher & Salsbury*, for appellant.

*Fletcher & Wanty*, for defendant.

McGRATH, J. Plaintiff sues as the beneficiary named in a policy issued upon the life of her husband. The policy provided that—

"If the payment of the weekly premiums upon this policy shall be in arrears more than four weeks, this policy shall thereupon become void."

It also provided that—

"Agents are not authorized to make, alter, or discharge contracts, or waive forfeitures, 'or receive premiums on policies in arrears after the time allowed by the regulations of the company."

By the terms of the application, the insured "agrees to be governed by the rules and regulations" of the company. A receipt-book was issued with and referred to in the policy, the first page of the cover of which contained the following printed matter:

. "Industrial Branch Metropolitan Life Insurance Company. Office, Cor. Park Place and Church St., New York.

"The address of the branch office of this district, where all information will be given, is as follows: M. Landman, Supt., 53 & 54 Houseman Block, Grand Rapids, Mich. The agent will not insert his individual address here, but only that of the branch office of his district."

On the third and fourth pages were printed extracts from the rules and regulations, etc., of the .company, as follows:

"All premiums due are due in advance on Monday of each week. The company's agents are instructed to call regularly to collect them. The neglect of an agent to call, however, will not be admitted as an excuse for non-payment. In such cases, send your dues to the agent or superintendent in your city, or to the home office in New York."

"Policies in arrears more than four weeks become lapsed, and agents are expressly prohibited from collecting

97 MICH.—27.

thereon, or members from paying thereon, except as follows: A written application may be made for the revival of the policy upon a form provided by the company, and a special revival receipt will then be given by the agent who collects the premiums in arrears; but in no cases are such premiums to be entered in the premium receipt-book until *after* the revival application has been officially accepted by the company, and it will be invalid unless, at the time of the official revival of the policy at the home office in New York, the insured is alive and in sound health."

The receipt-book showed the payment of the weekly premium to March 9, 1891. The insured died Tuesday, June 23, 1891. No payment had in the mean time been made. Plaintiff testified that she went to the branch superintendent's office several times after March 9, when payments were due, and the superintendent was not in; that she met him on one occasion, told him that she had been to his office frequently, and he said it would make no difference,—to bring her book when she came,' and it would be all right; that on one occasion she had been six weeks in arrears, and had paid up; that on the Saturday previous to her husband's death she saw the superintendent, and told him that she expected money on Monday, and asked if it would make any difference, and he said that it would not; that on Monday she saw him again, and told him that the expected money was due that night, and he said it was all right; that on the next morning, while she was preparing to go down to pay the premiums, her husband died suddenly of heart disease. It appeared that after her husband's death the undertaker undertook to pay the premiums, but the superintendent refused to receive them.

The policy expressly provided that, if the payment of weekly premiums should be in arrears more than four weeks, the policy should become void. The payments were in arrears 15 weeks. The insured had expressly agreed to be governed by the regulations of the company, and the

receipt-book, which contained the evidence of the superintendent's authority, expressly provided that the receipt of moneys upon lapsed policies was prohibited, except in connection with an application for revival, and that the moneys received by the superintendent should not be applied until after the revival application had been officially accepted by the company at the home office in New York.

The circuit judge was right in directing a verdict for defendant, and the judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.