BAKER *v.* MICHIGAN MUTUAL PROTECTIVE ASSOCIATION.

118 431
f150 105

1. LIFE INSURANCE — ASSESSMENTS — PLACE OF PAYMENT — FOR-
FEITURE.

   Failure of insured to make a monthly payment on a life-insur-
   ance policy does not work a forfeiture, where, at the issuing
   of the policy, the agent stated that the company would send
   a collector to the insured's house between the 1st and 10th
   of each month, to whom the monthly payments should be
   made, and the insured had the money ready for such collector,
   who failed to come, and no notification was received that
   payments should or might be made elsewhere.

2. SAME — ACTION ON POLICY — SPECIAL DEFENSES — AMENDMENT
OF PLEA—DISCRETION OF COURT.

   Refusal of the trial judge to permit an insurance company, in
   an action against it on its policy, to amend its plea of the
   general issue, on the statement of counsel that a special de-
   fense was first made known by the cross-examination of the
   plaintiff, is not an abuse of discretion, where, from the ques-
   tions propounded on the cross-examination, it is apparent that
   some thought of such defense must have been entertained,
   and preparation made therefor, before the trial, and the re-
   fusal to pay the loss, which was small, was based upon an
   entirely distinct claim.

Error to Kalamazoo; Buck, J. Submitted October 4,
1898. Decided November 1, 1898.

*Assumpsit* by Ella Baker against the Michigan Mutual
Protective Association on a policy of life insurance. From
a judgment for plaintiff, defendant brings error. Af-
firmed.

*N. H. Stewart*, for appellant.

*Howard, Roos & Howard*, for appellee.

MONTGOMERY, J. The plaintiff is the beneficiary
named in an insurance policy issued by the defendant.

On a trial before a jury, she recovered a verdict of $104.50, and defendant brings error.

The policy was issued December 3, 1896, and the assessment for that month paid. The assured died on the 14th of January, 1897, after the second monthly payment became due, and while the amount remained unpaid. The plaintiff was therefore not entitled to recover unless the default in making this payment is excused. The plaintiff introduced testimony tending to show that, at the time the policy was taken out, the agent of the company stated to plaintiff that the company would send a collector to the house of the assured between the 1st and 10th of each month, and that payments could and should be made to such collector; that the deceased had the money ready for such collector, but that none came; and that no notification was received that the dues should or might be paid elsewhere. Plaintiff's husband was taken sick, and died on the 14th, and the plaintiff afterwards, learning that the company had an agent in the city, tendered the dues to him, but he refused to receive them. The circuit judge instructed the jury, in substance, that, if they found this claimed state of facts to exist, the policy did not lapse because of the delay in making payments. We think this instruction a correct statement of the law. If the plaintiff's testimony on this point was true,—and the jury so found,—it would be a gross injustice to permit the company to profit by its own default in calling for the dues. The place of payment was the home of the assured, and no other was known to plaintiff. Even when the right to make payment at the residence depends upon custom, good faith requires that this custom should not be discontinued, and payment required at the office of the society, without notice to the assured. Nibl. Acc. Ins. & Ben. Soc. (2d Ed.) § 299.

Defendant sought to show that the plaintiff had made certain misrepresentations and warranties at the time the policy was issued. The circuit judge ruled out this testimony as not admissible under the pleadings. The plea

was simply the general issue, and the ruling was clearly right, under paragraph d, Cir. Ct. Rule No. 7. The defendant, after the main testimony for the defense had been introduced, asked leave to amend. No showing under oath was made, but counsel stated that the defense was first made known by the cross-examination of the plaintiff. It appeared, however, by some of the questions propounded on cross-examination, that some thought of such a defense must have been entertained before the trial, and some preparation made along these lines. Besides this, other considerations may have influenced the action of the trial judge,—the fact that the amount involved was small, and that the refusal to pay the loss had been put upon the single ground that the policy had lapsed. Under these circumstances, we are not prepared to hold that the refusal to permit an amendment was such a clear abuse of discretion as justifies us in reversing the case. *King* v. *Wayne Circuit Judge*, 41 Mich. 727.

The judgment is affirmed, with costs.

The other Justices concurred.