CENTRAL ACCEPTANCE CORP. v. BRADFIELD, et.

Ohio Appeals, 7th Dist., Columbiana Co.

No. 386. Decided April 12, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

COMMERCIAL PAPER.

(120 E) One who, by qualified indorsement (without recourse), negotiates note signed by infant, is liable under warranty provided in 8170 G.C.

Error to Municipal Court.

Judgment reversed.

Mackall & Thompson, East Liverpool, for Central Acceptance Corp.

Foulks & Stevenson, East Liverpool, for Bradfield, et.

STATEMENT OF FACTS.

This cause is here on error. The action originated in the Municipal Court of East Liverpool, and resulted in a judgment for the defendants below.

William Jefferies purchased an automobile from E. L. Bradfield & Son, and gave, as a part of the consideration therefor, a note and chattel mortgage. This note was reduced by payments until the balance due was but $76; in the meantime the mortgage and note had been transferred to the Central Acceptance Corporation of Cincinnati, which forwarded same to their attorney in the city of East Liverpool for collection, Bradfield residing in the State of West Virginia, suit was brought before a Justice of the Peace in and for Hancock County; and, upon the trial of the cause in the Justice's Court, Bradfield tendered the defense of minority and successfully maintained the same. The action was then dismissed because it was disclosed that Jefferies

was only 18 years of age at the time he signed the note in question.

In the transaction with the agent who sold the automobile, it appears that Bradfield stated that he was a minor, but that the agent of the company who sold the car suggested that his age be given as 21 years, which was done accordingly. After the dismissal of the suit in the Justice's Court of Hancock County, an action was brought against E. L. Bradfield & Son in the Municipal Court of East Liverpool, upon the theory that the transfer of such paper carried with it a warranty that the party originally executing the paper had legal capacity so to do. But, as before stated, the judgment and finding of that court was in favor of the defendant.

FARR, J.

It is provided in part of Sec. 8170 G.C. as follows:

"Every person negotiating an instrument by delivery or by a qualified indorsement warrants:

"1. That the instrument is genuine and in all respects what it purports to be.

"2. That he has a good title to it.

"3. That all prior parties had capacity to contract."

Two things are to be noted in the above; first, that every person negotiating an instrument by delivery or by a qualified endorsement warrants that the instrument is genuine and in all respects what it purports to be. In the instant case the endorsement was qualified. It was without recourse.

And then in paragraph three it is provided, "That all prior parties had capacity to contract."

The conclusion is therefore that the provisions of Sec. 8170 apply in the instant case, because, in the trial before the Municipal Court, it was established, beyond question, that Jefferies, at the time he signed the note, was a minor under the age of 21 years, towit, of the age of 18 years.

And having determined that the provisions of Sec. 8170 apply in this case, it follows that the judgment is contrary to law, and for that reason is reversed, and, the cause remanded.

(Pollock and Roberts concur.)