LAMBERT *v.* SMILANSKY.

1. BILLS AND NOTES—DEFAULT JUDGMENT AGAINST INDORSERS DID NOT RELEASE MAKER—ORDER OF SEVERANCE.

In an action on a note against the maker and indorsers, taking judgment by default against the indorsers in advance of the trial of the case against the maker, without entry of an order of severance, did not release the maker, but under 3 Comp. Laws 1915, § 12803, plaintiff had a right to proceed to judgment against the maker, who was both jointly and severally liable.

2. SAME—AMENDING NOTICE—ABUSE OF DISCRETION.
   Where the fact that plaintiff was a holder in due course seems
   conclusively established by the record, there was no abuse of
   discretion in the refusal of the court to permit the filing of
   an additional notice under the plea and also in the refusal to
   permit the filing of an affidavit denying the execution of the
   note, subjecting it to the defense of lack of consideration.

3. SAME—ADMISSION OF SIGNATURE.
   In an action on a note against the maker, where a copy of the
   note was served with the declaration, the defendant, by failing
   to file an affidavit denying the execution of the note, admitted
   his signature thereto as of the date it bore (Circuit Court
   Rule No. 33).

4. SAME—BONA FIDE HOLDER—DIRECTED VERDICT.
   Where plaintiff's testimony that he became a *bona fide* holder
   for value of the note sued on before maturity was undisputed,
   and there was no meritorious defense, verdict was properly
   directed in favor of plaintiff.

Error to Wayne; Miller (Guy A.), J. Submitted
January 16, 1929. (Docket No. 134, Calendar No.
33,988.) Decided March 28, 1929.

Assumpsit by William J. Lambert against Louis
Smilansky and others on a promissory note. Judg-
ment for plaintiff on a directed verdict. Defendant
Smilansky brings error. Affirmed.

*Barbour & Martin,* for appellant.

*G. F. Classon,* for appellee.

NORTH, C. J. This is an action in assumpsit by the
plaintiff as the holder of a promissory note of which
the defendant Smilansky is the maker. John J.
Davis & Sons Company, payee named in the note,
became an indorser thereon, as did also the defend-
ant Charles H. Shell. On November 12, 1927, plain-
tiff took judgment by default for $5,150 against the

two indorsers. On March 16, 1928, at the conclusion of a jury trial, the court directed a verdict for $5,254.16 against Smilansky. He reviews by writ of error.

Under the defendant's plea of general issue filed November 9, 1927, notice of lack of consideration was given. As the case came on for trial, March 16, 1928, notice was given of the further defense that the defendant Smilansky would claim the judgment for $5,150 taken against the other defendants without the entry of an order of severance prior to such judgment fully satisfied the note upon which this suit was brought and released the defendant Smilansky from all further liability thereon. Defendant Smilansky's contention in this particular is not well founded. The statute of this State (3 Comp. Laws 1915, § 12803) specifies the practice:

"It shall not be necessary for the plaintiff to include in the same record a judgment against all parties severally, or jointly and severally liable, but judgment may be entered against any of the parties thereto, whenever the plaintiff would be entitled to the same if the suit had been commenced against such parties only; and if the trial or hearing of such cause be put off by any of the parties, or if a default shall have been obtained against part of the defendants, the plaintiff may proceed to the hearing or trial against the other parties, in the same manner as if the suit had been commenced against the other parties only, and the action shall thereby be severed."

Taking judgment against the two defaulted defendants in advance of the trial of plaintiff's case against the defendant Smilansky is clearly authorized by this statute, which provides: "The action shall thereby be severed." Smilansky, if liable at

all, was both jointly and severally liable on this note. The mere taking of judgment against the other defendants did not release him.

Another question is presented by the claim that the trial court committed error in refusing to allow a further amendment or addition to the notice under the plea and to receive proof "of fraud and as to alteration of the note,". and in refusing to allow an affidavit denying the execution of the note to be filed. This application to modify the notice given under defendant's plea was made after the plaintiff had rested his case. The appellant claims he was only an accommodation maker of this note; and that he discovered for the first time during the trial of the case that the date of the note had been changed from March 1, 1927, to May 11, 1927. The note was due 90 days after date, and if the date had been altered as claimed the plaintiff became the holder thereof after maturity, leaving the note subject to the defense of lack of consideration. Plaintiff's testimony was to the effect that he was a holder in due course. This seems quite conclusively established by the record. The interest of the other defendants in this case was the same as that of the defendant Smilansky; but the record contains the affidavit of Clarence A. Davis, president of the John J. Davis & Sons Company, wherein it is stated that on or about May 11, 1927, Louis Smilansky executed the promissory note in question. The other defendant, Charles H. Shell, also made an affidavit incident to a motion to set aside the default judgment in which affidavit the following appears:

"Deponent further says that on or about the 11th day of May, 1927, Louis Smilansky executed a promissory note to John J. Davis & Sons Company in the sum of five thousand ($5,000) dollars, payable three months from May 11, 1927."

It is the contention of the defendant Smilansky that the refusal of the court to permit the filing of an additional notice under the plea and also the refusal to permit the filing of an affidavit denying the execution of the note was an abuse of discretion. In view of the record above quoted, this contention cannot be sustained. *Baker* v. *Protective Ass'n,* 118 Mich. 431. It is fairly inferable from the record that the trial judge was not impressed with the *bona fides* of this defendant's claimed discovery of an alteration in the date of the note and consequent surprise. A copy of the note was served with the declaration. By his failure to file an affidavit denying the execution of the note which bore date May 11, 1927, the defendant admitted his signature to a note of that date. Former Circuit Court Rule No. 79 as applied to the question here involved was equivalent to the present Rule No. 33. In *Polhemus* v. *Savings Bank,* 27 Mich. 44, it is said, quoting syllabus:

"A defendant who has failed to file an affidavit denying the genuineness of a note set out in the declaration is precluded by Circuit Court Rule No. 79 from showing that the note, as described and as produced in evidence, was not as he executed it."

See *Ensign* v. *Fogg,* 177 Mich. 317.

At the close of the proofs each party moved for a directed verdict. The record clearly justified the circuit judge in ordering a verdict for the plaintiff. His testimony that he became a *bona fide* holder for value of this note before maturity was undisputed. There was no meritorious defense.

The judgment entered in the circuit court is affirmed, with costs to the appellee.

FEAD, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.