MARTIN v. JOHN HANCOCK MUTUAL LIFE INS. CO.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

Upon review of a directed verdict for defendant, the evidence must be considered in the light most favorable to plaintiff.

2. INSURANCE—ESTOPPEL—APPARENT AUTHORITY.

Insurer may be estopped from repudiating acts of its district manager's clerk in excess of her authority, where it has clothed her with apparent authority to perform such acts, yet all elements of an estoppel must be present, the authority must have been actually apparent to the third person who must have dealt with the clerk in reliance thereon in good faith and in the exercise of reasonable prudence.

3. SAME—REPUDIATION OF UNAUTHORIZED ACTS—ESTOPPEL.

Insurer which repudiated advice of its district manager's clerk to insured's mother, beneficiary and plaintiff herein, to hold weekly payments and that the policy would not lapse if she had money to pay collector when he called on her that day which was within the period of grace, *held*, as a matter of law, not estopped to repudiate after collector failed to appear within period of grace, in the absence of any proof offered in the statement of testimony by plaintiff that the clerk had authority to waive provisions of the policy, which placed upon insured obligation to pay premiums at insured's office when due notwithstanding failure of agent to collect premiums.

Appeal from Wayne; Gordon (Arthur E.), J., presiding. Submitted June 9, 1936. (Docket No. 46, Calendar No. 38,814.) Decided October 5, 1936. Rehearing denied November 9, 1936.

Assumpsit by Lydia Martin against John Hancock Mutual Life Insurance Company of Boston, Massachusetts, a foreign corporation, on a life insurance policy. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Casper C. Cutler,* for plaintiff.

*Bulkley, Ledyard, Dickinson & Wright* (*Robert W. Conder* and *Max L. Veech,* of counsel), for defendant.

BUSHNELL, J. This is an appeal by plaintiff from a judgment of no cause of action entered upon a directed verdict.

Plaintiff is the beneficiary under a policy of insurance on the life of her daughter. The amount of the policy is $252 with a premium of 15 cents per week, which was collected by an agent who called at the home. On Saturday morning, November 11, 1933, when the agent called, he was asked by plaintiff to return that evening as she would not have the money until then; he returned but Mrs. Martin was in the basement at the time using the caretaker's phone to call the doctor for her daughter who was ill and the collector did not wait. Early Monday morning, the 13th, appellant phoned to the office of defendant's district manager whose address and phone number appeared on the front cover of the premium receipt book and told the office girl that the agent had called when she was out. She was told to keep the money and that the agent would return for it. He did not appear that day and Mrs. Martin phoned again Tuesday, saying she would bring the premium to the office if necessary, but that it was rather difficult to do so as she did not want to leave her sick daughter alone in the home. The girl at the insurance office again told her to hold the money and wait at home, because the agent would call that day and not to worry as the policy would not lapse as long as she had the money when the agent called. The agent did not call until Saturday, the 18th, and accepted two payments amounting to 30 cents, which he immedi-

ately returned to plaintiff when informed that the insured was seriously ill.

The premiums in question were due on October 18th and 25th and the days of grace of the first premium expired November 15th. The "period of grace" provision of the policy is in the following language:

"This policy will be paid subject to its conditions if the insured die while premiums are in arrears not more than four weeks, but neither this concession nor the acceptance of any overdue premium shall create an obligation on the part of the company to receive premiums which are in arrears, nor shall it be a waiver of their payment on Wednesday of each week in advance."

The "notice to policyholders" printed in the "premium receipt book" says:

"In case of any question, communicate with the district manager, whose name and address appears on outside front cover."

Under the caption "in the event of death, removal or the agent failing to call two weeks in succession notify the district manager giving the name of last agent," follows the name and phone number of the office which Mrs. Martin called.

The insured, Mildred Stevenson, died on December 20, 1933; the company refused to pay the loss and the lawsuit followed. When attention was called to the provisions of the policy regarding payment of premiums, the court excused the jury, listened to the arguments of counsel and directed a verdict for the defendant.

The condition of the record and the absence of any statement of reasons for the directed verdict requires a certain amount of conjecture on our part.

The only question raised in the reasons and grounds for appeal is the propriety of the directed verdict. The sole question stated in appellant's brief is:

"Did policy lapse for nonpayment of premiums where plaintiff, a very old woman, nursing her extremely sick daughter, the insured, held premiums at her home in accordance with instructions of the defendant company, awaiting the return of the collector to her home, as had been his custom?"

Appellee's counter statement of the question involved is:

"Where a life insurance policy provided that premiums were payable at the home office of the company, but might be paid to any of its authorized agents, but that the failure of an agent to collect premiums would not relieve the insured from the obligation to pay the premium when due and that agents were not authorized to waive any of the terms or conditions of the policy or to extend the time for the payment of premiums, or to bind the company by making any promise not contained in the policy, did said policy lapse by reason of the plaintiff's failure to pay a premium within the grace period, where plaintiff held funds with which to pay said premiums at her home instead of sending them to the home office, in reliance upon instructions of a clerk in the district office of defendant company that an agent would call to collect?"

Upon review of a directed verdict for defendant, the evidence must be considered in the light most favorable to plaintiff. The period of grace had not expired when Mrs. Martin, relying upon the printed notice in the receipt book, called defendant's office, and acted upon the information she received.

The policy of insurance stated:

"Agents are not authorized to waive any of the terms or conditions of this policy or to extend the time for payment of premiums or other moneys due to the company or to bind the company by making any promise not contained in this policy. * * * Premiums hereon are payable at the home office of the company in Boston, but may be paid to any of its authorized agents, subject to the conditions of the policy. Should such agent fail to call for any premium when due, it will be the duty of the insured to make immediate payment of the premiums either to the district office or to the home office. Failure of the agent to collect premiums will not relieve the insured from the obligation to pay the premiums when due, nor will the company assume any liability for such failure."

There is no claim in the declaration nor is any proof offered in the statement of testimony which plaintiff was prepared to introduce, that the district manager's clerk had any authority to waive the provisions of the policy.

"While it is true that the company may be estopped from repudiating acts of the agent in excess of his authority, where the company has clothed the agent with apparent authority to perform such acts, yet all the elements of an estoppel must be present, and as quoted in *Marx* v. *King*, 162 Mich. 258, 266:

" 'The authority must, however, have been actually apparent to the third person who, in order to avail himself of the rights thereunder, must have dealt with the agent in reliance thereon in good faith, and in the exercise of reasonable prudence.' " *Mitchell* v. *Western Fire Ins. Co.*, 272 Mich. 204, 209.

According to *Baker* v. *Michigan Mutual Protective Association*, 118 Mich. 431, it seems to be unjust to permit the company to profit by the failure of its agent to call for the premium before the expiration

of the days of grace where the assured's mother relied upon the statements of the clerk, but we are governed by the applicable authorities.

The facts presented in this appeal are controlled by *Mallory* v. *Metropolitan Life Ins. Co.*, 97 Mich. 416. In that case the premiums were payable weekly in advance, the policy provisions were similar to those presented here and a weekly premium was not paid within the four weeks' grace period. The plaintiff in the *Mallory Case* testified that she went to the branch superintendent's office several times after the premium due date and found no one to receive the payments. She met the superintendent on the street and told him of her attempts to pay; he replied, in effect, that it would not make any difference and everything would be all right. She testified that on one occasion she had been six weeks in arrears and had paid up. That on the Saturday previous to her husband's death, she saw the superintendent and told him she expected money on Monday and he again advised her that it would be all right. The assured died while the witness was preparing to go to the representative's office to pay the premium.

"The policy expressly provided that, if the payment of weekly premiums should be in arrears more than four weeks, the policy should become void. The payments were in arrears 15 weeks. The insured had expressly agreed to be governed by the regulations of the company, and the receipt book, which contained the evidence of the superintendent's authority, expressly provided that the receipt of moneys upon lapsed policies was prohibited, except in connection with an application for revival, and that the moneys received by the superintendent should not be applied until after the revival application had been officially accepted by the company at the home office in New York.

"The circuit judge was right in directing a verdict for defendant and the judgment is affirmed."

The trial judge had no other alternative than to direct a verdict for defendant.

The judgment is affirmed, with costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.