KUNSKY-TRENDLE BROADCASTING CORP. *v.* KENT
CIRCUIT JUDGE.

1. JUDGMENT—DEFAULTS—APPEARANCE.

A judgment may be taken against defaulted defendants notwithstanding one is not taken against other defendants who have appeared (3 Comp. Laws 1929, §§ 14517, 14518).

2. SAME—PLEADING—DENIAL OF LIABILITY.

Answer of unregistered association, one of several defendants in action by plaintiff for services rendered, which purported to be that of the association only *held,* insufficient to prevent rendition of default judgment against other defendants notwithstanding certain paragraphs denied liability of such other defendants.

3. SAME—DEFAULTS—SETTING ASIDE—LAPSE OF TIME.

A default entered for failure to appear or answer may not be set aside 22 months after its entry in the absence of any irregularity.

Mandamus by Kunsky-Trendle Broadcasting Corporation, a Michigan corporation, to compel William B. Brown, Kent Circuit Judge, to vacate an order setting aside a default judgment. Submitted August 31, 1937. (Calendar No. 39,466.) Writ granted October 4, 1937.

*Hilding & Baker,* for plaintiff.

*Benjamin T. Smith,* for defendant.

BUTZEL, J. Plaintiff seeks mandamus to compel the vacation of an order setting aside a default judgment in its favor against Isaac and Nathan Hecht,

co-partners as Hecht Produce Company, defendants in a case brought against them, Herrud & Company, a corporation, the Western Michigan Food Council, and over 20 other defendants. Plaintiff alleged that it furnished services to the Western Michigan Food Council, an association which never filed articles, or registered in any capacity, and for this reason all of the defendants, as members, are jointly and severally liable for its debts. Personal service was had on all of the defendants, who with the exception of defendants Hecht and Herrud & Company appeared and answered. Defaults of defendants Hecht and Herrud & Company were duly entered more than 20 days after service of summons, and while a calendar entry on January 14, 1935, shows default judgment for plaintiff for $1,366.26 against Herrud & Company and Isaac and Nathan Hecht, co-partners, as Hecht Produce Company, joint and several, with costs at $45.10, the judgment was entered in the court journal on August 14, 1935. The record does not disclose the cause for the delay, and the parties regard the latter date as that on which the judgment was taken. On this later day, after the judgments were taken, compromises were made and individual releases with prejudice to further claims were given to all of the 20 or more defendants who had appeared and answered. No disposition was made of the claim asserted against the association as such, but the case against its members apparently was ended by judgment or compromise. On March 11, 1936, over 22 months after the entry of default against defendants Hecht, execution was issued, the amount thereof having been reduced to $795.36, and costs, through application of sums paid in compromise by other defendants. Defendants Hecht claim that their first

knowledge of the judgment was obtained when levy of execution was threatened. They, thereupon, made a motion to set aside the default judgment and it was granted. By stipulation parties have agreed that the sole question for our determination is whether the answer filed by the Western Michigan Food Council may be regarded as the answer of defendants Hecht, or at least prevented the taking of a judgment, notwithstanding their default in not appearing individually, or answering. The answer of the Western Michigan Food Council was a separate answer and not that of itself and the other defendants. In several paragraphs it stated that neither it nor the other defendants were liable, either jointly or severally, and that the contract with plaintiff was not signed by an authorized officer of the council. A judgment may be taken against defaulted defendants notwithstanding one is not taken against other defendants who have appeared. See 3 Comp. Laws 1929, § 14518, and *Lambert* v. *Smilansky,* 246 Mich. 125.

In *Lorimer* v. *Wayne Circuit Judge,* 216 Mich. 587, a case against a voluntary association and its individual members, it was claimed that judgment could not be taken against defaulted defendants without taking one against all the defendants. We said:

"Our attention is called to the following statute, which, it is said, justifies the action of plaintiffs in taking judgment against only a portion of the defendants:

" 'In any action against two or more defendants, judgment may be rendered for the plaintiff against some one or more of the defendants, and also in favor of some one or more of the defendants against the plaintiff, according as the rights and liabilities of the respective parties shall appear, either upon confession, default, by pleading or on trial.' * * * 3 Comp. Laws 1915, § 12802 (3 Comp. Laws 1929, § 14517).

"This section appears to have changed the old rule contended for by plaintiffs. It appears to authorize the taking of judgment against a part of the defendants, either upon default or on the trial. The section last quoted was a new section with the advent of the judicature act, and we are persuaded that it was passed for the purpose of enabling a plaintiff to do what was done in this case."

Defendants Hecht, however, contend that the answer of the association in certain paragraphs denied its own liability and also that of the other defendants, and this, of itself, was sufficient to prevent the rendition of the default judgment. The answer purported to be that of the association. It only answered for itself. It is not claimed, nor is it likely, that the court's attention was specifically called to averments in the answer of the association. The court had before it the declaration, appellee's default and such proof as was presented against the latter. A default entered for failure to appear or answer may not be set aside 22 months after its entry in the absence of any irregularity. Defendants served with process must appear or suffer the consequences. *Domzalski* v. *Guzynski, ante,* 175, and cases therein cited.

Mandamus will issue to set aside the order vacating judgment, with costs to appellant.

Fead, C. J., and North, Wiest, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.