**FIRST DISCOUNT CORP., Plaintiff-Appellee, v. HATCHER AUTO SALES, INC., Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2126.   Decided December 1, 1950.

Shaman, Winer & Shulman, Paul Ziegler, Dayton, for plaintiff-appellee.

Joseph W. Sharts, Harold H. Singer, Dayton, for defendant-appellant.

## OPINION

By WISEMAN, J:

This is an appeal on law from the judgment of the Common Pleas Court of Montgomery County affirming the judgment of the Municipal Court of Dayton rendered in favor of the plaintiff.

The defendant-appellant has assigned sixteen alleged errors, ten of which involve the weight or sufficiency of the evidence. Since the appellant in its brief discussed the alleged errors generally and not separately the Court will do likewise.

The appellant cannot urge alleged error of the trial court in overruling defendant's demurrer to amended statement of claim and in overruling defendant's motion for directed verdict at the close of the plaintiff's case. The defendant filed an answer after the demurrer was overruled and introduced evidence on defense after the motion for directed verdict was overruled. We do not find that the judgment is against the manifest weight of the evidence.

Several legal questions have been raised which require comment. The plaintiff instituted its action on a cognovit note. The defendant was the payee and indorser of said note It is contended that the payee was not a holder in due course. The maker, Charles V. Lynch, was a purchaser of an automobile from the defendant and as part consideration for the sale of the automobile executed the cognovit note in blank. The plaintiff came into possession of said note and filled up the note as to amount and payee according to instructions. Under §8119 GC, the plaintiff had prima facie authority to complete the instrument. From the evidence it is apparent that the instrument was completed before the plaintiff became a party to the note or before the note was discounted. It is not contended that the note was completed contrary to instructions. When the plaintiff discounted the note it was completed and negotiable upon its face. The plaintiff became a holder in due course. **Sec. 8157 GC.**

The defendant by indorsing the note "Without recourse" became a qualified indorser. **Sec. 8143 GC.** The liability of a qualified indorser is controlled by §8170 GC, which in part provides:

"Every person negotiating an instrument by delivery or by a qualified indorsement warrants:

"* * *

"3. That all prior parties had capacity to contract."

The evidence shows that the maker was a minor at the time the note was executed, which fact was unknown to the plaintiff or defendant. When the maker defaulted in payment the plaintiff herein, in another action, sued the maker who then disaffirmed the contract and interposed a defense of minority. Under §8170 GC, the defendant warranted that the maker had capacity to contract when as a matter of fact he did not have such capacity. When the defendant by qualified indorsement negotiated the note signed

by the minor, it became liable under its warranty. **Central Acceptance Corp. v. Bradfield, 6 Abs 566.**

There is no evidence in the case supporting the contention that plaintiff had indorsed the note to a bank in Indiana. The indorsement to such bank was stricken (§8153 GC) and the holder of a negotiable instrument, especially if the holder is an indorsee, may sue on the note when due. **Sec. 8156 GC.** There is no support for the contention that plaintiff was guilty of usury, or that because the plaintiff was an Indiana corporation it could not be a holder in due course and maintain suit as such. Every holder is deemed prima facie to be a holder in due course. **Sec. 8164 GC.** The instrument was a cognovit note in which "presentment for payment, notice of non-payment, protest, notice of protest, and diligence in bringing suit against any party" was expressly waived.

The appellant contends that the auto was a necessary and that since a minor is liable for necessaries, the action cannot be maintained against the defendant indorser on his warranty. In the prior action the minor interposed a defense that the automobile was not a necessary, although it is claimed in this action that it is a necessary since it was used by the minor to go to and return from his place of employment. It has been held, and we think rightly so, that an automobile is not a necessary unless it is considered an essential to the bodily or mental needs of the minor and not for business purposes. **Chambers v. Dunmeyer Chevrolet Co., 74 Oh Ap 235, 238, 58 N. E. (2d) 239.**

It is contended that this action cannot be maintained since the former action instituted against the minor is still pending. The record shows that judgment was taken on the note and execution issued. On motion of the defendant the judgment was suspended. Although the appearance docket shows an entry filed vacating the judgment, no such entry was journalized or can be found among the papers. Assuming that the plaintiff still has a judgment against the maker, would this fact deprive the plaintiff of its remedy against the defendant? We do not think so. **Sec. 8224 GC,** provides how a negotiable instrument is discharged and **§8225 GC,** provides the manner in which a person secondarily liable on the instrument is discharged. The mere pendency of the action on a suspended judgment is not sufficient to discharge the instrument or operate as a bar to the action against the defendant on his warranty.

We find no errors assigned well made. Judgment affirmed.

MILLER, PJ, and HORNBECK, J, concur.