John J. Dillon, J.
The plaintiffs as holders in due course of a promissory note in the face amount of $4,000 have moved for summary judgment under CPLR 3213. The maker of the note is Sain Builders, Inc., and the note is executed on behalf of the maker by Samuel Feinberg as president. The note is indorsed by Samuel Feinberg in his capacity as president of the corporation and individually. The action was commenced against the corporation and against Samuel Feinberg individually. The note was duly presented for payment, was dishonored and protested. The corporate defendant is involved in bankruptcy proceedings in the Federal District Court and in connection therewith an order has been signed staying all actions against it until a final decree has been entered in the bankruptcy proceedings. Accordingly, the motion for summary judgment as against the corporation is denied.
On behalf of the individual defendant, it is urged that plaintiffs are not holders in due course because at the time they acquired the note they were aware of the existence of a contract between the corporate defendant and the payee of the note. This fact cannot be disputed because the note itself has indorsed thereon, in the lower left-hand corner, the legend “ as per contract.” It is argued that the indorser should not be held liable on the note until such time as the primary obligation between the maker and the payee has been resolved. The court is thus faced with two questions: (1) whether the note is a negotiable instrument; and (2) whether the plaintiffs are holders in due course.
The note meets all the requirements of section 3-104 of the Uniform Commercial Code with the possible exception that it does not contain an unconditional promise because of the legend “as per contract.” Section 3-105 (subd. [1], par. [c]) *272 expressly states that an unconditional promise “is not made conditional by the fact that the instrument * * * (c) refers to or states that it arises out of a separate agreement or refers to a separate agreement for rights as to prepayment or acceleration ’ \
The official comment on the above-quoted provision (McKinney’s Cons. Laws of N. Y., Book 62%, Part 2, p. 27) is that it was “intended to resolve a conflict, and to reject cases in which a reference to a separate agreement was held to mean that payment of the instrument must be limited in accordance with the terms of this agreement, and hence was conditioned by it. ’ ’ The court is satisfied that the legend 6 ‘ as per contract ’ ’ does not affect the negotiability of an instrument as would a statement that the instrument “ is subject to or governed by any other agreement” (Uniform Commercial Code, § 3-105, subd. [2], par. [a]; Enoch v. Brandon, 249 N. Y. 263).
The court determines that the note being sued upon is a negotiable instrument and that the plaintiffs are holders in due course. Since a cause of action against “ an indorser of any instrument accrues upon demand following dishonor of the ■instrument” (Uniform Commercial Code, § 3-122, subd. [3]) it is clear that the plaintiffs need not first recover judgment against the maker as the individual defendant urges.
Accordingly, the action is severed and plaintiffs are awarded summary judgment as prayed for against the individual defendant.