## DANIELS v. MARION BRICK CORPORATION

1. Action—Process—Appearance.
   Defendants served with process must appear or suffer the consequences.

2. Action—Failure to Defend—Codefendant—Reliance.
   Reliance by a defendant in default on the promise of a codefendant, made before the defendant was joined in the action, that the codefendant would stand behind its product and protect defendant, was not a sufficient excuse for the failure of defendant to appear and defend, and the trial court did not abuse its discretion in refusing to set aside the default judgment.

Appeal from Allegan, Raymond L. Smith, J. Submitted Division 3 December 3, 1969, at Grand Rapids. (Docket No. 6,161.) Decided December 8, 1969.

Complaint by Roger Daniels against Marion Brick Corporation, Ben Waanders & Sons Concrete Products, Hilda Waanders, Dave Waanders, Fred Waanders, Grand Rapids Builders Supply Company, Inc., and Donald Weaver for misrepresentation of the quality of bricks sold to plaintiff. Default judgment entered against Grand Rapids Builders Supply Company, Inc. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appearance §§ 9, 13.
[2] 46 Am Jur 2d, Judgments §§ 682, 717, 718.

*Edward Read Barton,* for plaintiff.

*William J. Heyns,* for defendant Grand Rapids Builders Supply Company, Inc.

Before: J. H. GILLIS, P. J., and MCGREGOR and QUINN, JJ.

PER CURIAM. On January 26, 1967, Roger Daniels filed a complaint in the circuit court for the county of Allegan against Marion Brick Corporation. On May 31, 1967, an amended complaint was filed joining the remaining defendants. The amended complaint incorporated the original by reference. One of the additional defendants, namely Grand Rapids Builders Supply Company, Inc. (hereinafter called defendant), was properly served, but failed to answer the amended complaint or to make an appearance at pre-trial hearings or at trial. A default judgment was entered against Grand Rapids Builders Supply and a motion to set the judgment aside was denied. Defendant appeals.

The controversy arose out of mismatched brick which was used to veneer plaintiff's house. At the time of the original complaint, Marion Brick informed defendant Grand Rapids of the suit and stated that it would stand behind its product and protect the supplier, Grand Rapids Builders Supply Company, Inc. When defendant Grand Rapids was joined in the suit, it took no action based on the assurance given when Marion Brick was the sole defendant.

Defendant claims that the amended complaint failed to inform it of the nature of the claim as required by GCR 1963, 111.1. The trial court found that the pleadings were sufficient to apprise a normal, reasonable person of the claim against him.

"Defendants served with process must appear or suffer the consequences." *Kunsky-Trendle Broadcasting Corp.* v. *Kent Circuit Judge* (1937), 281 Mich 367, 370.

Defendant further claims that the trial court made unwarranted assumptions from the testimony given. An examination of the record does not disclose any irregularities before trial nor any findings of the trial court which would indicate that the trial judge abused his discretion in failing to set aside the default.

Defendant was a business concern and as such should have been aware that it could not allow a summons and complaint to go completely unanswered for 12 months. Assurance by Marion that it would defend is not sufficient excuse. *First National Bank of Boyne City* v. *Pine Shores Realty Co.* (1932), 257 Mich 289. Thus, where neglect is wholly unexcused, a regularly entered default judgment against a defendant personally served should not be set aside. We decline to disturb the trial court's ruling.

Affirmed. Costs to plaintiff-appellee.