**McLACHLEN NATIONAL BANK,**
**Appellant,**

v.

**Louis I. S. FIELDS et al., Appellees.**

**No. 9999.**

District of Columbia Court of Appeals.

Submitted Jan. 16, 1976.

Decided Oct. 13, 1976.

David Z. Sadoff and Kurt Berlin, Washington, D. C., were on the brief, for appellant.

Louis I. S. Fields and Constance B. Fields, pro se.

Before GALLAGHER, HARRIS and MACK, Associate Judges.

PER CURIAM:

Appellant McLachlen National Bank instituted this suit to recover on a promissory note indorsed by appellees Louis I. S. Fields and Constance B. Fields. The trial court dismissed the complaint after determining that the action was barred by a prior judgment obtained against the maker of the note. We conclude that dismissal was improper.

The facts pertinent to this appeal are the following. In 1970 McLachlen National Bank loaned a sum of money to H.V.H., Inc., a restaurant business. In return, the corporation, by its president Louis Fields, executed a promissory note in the amount of $4,452. Mr. Fields, in his individual capacity, and his wife Constance Fields indorsed the note on the back, guaranteeing payment if the corporation defaulted. The corporation subsequently failed to make in-

stallment payments on the note. As a result, the bank brought an action in 1972 against H.V.H., Inc., and obtained a default judgment in the amount of $3,113. At that time, the clerk of the court marked the note "Cancelled and merged in Judgment in Superior Court of District of Columbia."

Because the judgment was never satisfied, the bank brought this suit against the Fields to recover the unpaid portion of the note. In dismissing the complaint against the defendants (who were unrepresented by counsel), the trial court reasoned that the note had merged into the prior judgment and that the bank's failure to join the Fields in the prior action precluded it from bringing a subsequent action against them on the note. Under the circumstances here, we conclude that this ruling was erroneous.

 Appellees indorsed the note in question as sureties, assuming liability for the maker's debt if it failed to pay. Under the provisions of the Uniform Commercial Code, they were "accommodation parties," having the same obligations as other indorsers *without* surety status. *See* D.C. Code 1973, §§ 28:3–415(1), (2); Uniform Commercial Code § 3–415, Comment 1; J. White & R. Summers, Handbook of the Law Under the Uniform Commercial Code § 13–12 (1972).[1] The Code provides a number of ways in which a party to an instrument may be discharged, none of which include the situation in this case. *See* D. C.Code 1973, § 28:3–601.[2] Therefore, we must look to the case law and other statutory provisions to determine whether an accommodation indorser's liability on a note is extinguished by a prior judgment against the maker. *See* D.C.Code 1973, § 28:1–103; Uniform Commercial Code § 3–601, Comment 1.

 The established rule is that an unsatisfied judgment against the maker of a note does not bar a subsequent action against an indorser. *Cline v. Receiver of Commercial National Bank,* 90 F.2d 968 (7th Cir. 1937); *Staples v. Hendrick,* 89 Conn. 100, 93 A. 5 (1915); *Lambert v. Smilansky,* 246 Mich. 125, 224 N.W. 442 (1929); *First Discount Corp. v. Hatcher Auto Sales,* 90 Ohio App. 553, 104 N.E.2d 587 (1950); *Petri v. Manny,* 99 Wash. 601, 170 P. 127 (1918); 2 A. Freeman, A Treatise of the Law of Judgments § 565 (5th ed. 1925).[3] Although all claims against the maker are merged into the final judgment, the merger doctrine does not prevent a subsequent suit against other parties, such as indorsers and accommodation parties, whose liability on the instrument is joint and several. D.C.Code 1973, §§ 16–2101, –2103. *See* Restatement of Judgments §§ 47, 94 (1942); Restatement (Second) of Judgments § 94, Comment b at 75–76 (Tent. Draft No. 3, 1976); *cf.* Uniform Commercial Code § 3–118, Comment 6. Therefore, the prior judgment in this case did not cancel the note with respect to claims against the accommodation indorsers nor did it serve to discharge their liability. *Cf. Williams v. Reed,* 113 Cal.App. 2d 195, 248 P.2d 147 (1952); J. Elder, The Law of Suretyship § 1.4 (5th ed. 1951).

1. Although accommodation indorsers have the same liability as other indorsers, they may have special defenses not available to other parties. *See* D.C.Code 1973, § 28:3–606; White & Summers, The Law Under the Uniform Commercial Code, *supra* at §§ 13–12, 13–14.

2. D.C.Code 1973, § 28:3–605(1)(a), which states that a holder may discharge a party "in any manner apparent on the face of the instrument . . . as by intentionally cancelling the instrument . . . ," is not applicable here. Because appellant was required to surrender the note to the clerk of the Superior Court upon entry of the default judgment, the clerk's markings on the instrument cannot be construed to be an intentional cancellation by the holder.

3. *See also Williams v. Reed,* 113 Cal.App.2d 195, 248 P.2d 147 (1952); *Hansen v. Bowers,* 208 Iowa 545, 223 N.W. 891 (1929); *cf. D'Andrea v. Feinberg,* 45 Misc.2d 270, 256 N.Y.S.2d 504 (1965).

As an alternative ground for dismissal, apparently considered for the first time when appellant's motion for reconsideration was denied, the trial court determined that the action was barred by either laches or estoppel because of a year's delay in bringing suit coupled with a prior understanding that if appellees "deeded over all the property of the restaurant business without the need of court procedures, thereby enabling [appellant] to maximize its recovery on the corporate indebtedness, . . . all further obligations of the individuals and corporation would be released." Since the existence of this agreement was a factual issue, it was an improper basis for dismissal. However, should appellees present evidence of such a release at trial, they may have a valid affirmative defense to the action under D.C.Code 1973, § 28:3–601(2), which provides for discharge by agreement.

*Reversed and remanded.*